IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
CINDY G. TURNMIRE,            )
                              )
    Plaintiff,                )
                              )
v.                            )       Case No. 05-2923 Ma/V
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social        )
Security,                     )
                              )
    Defendant.                )
```

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 15, 2007, United States Magistrate Judge Diane K. Vescovo filed her Report and Recommendation ("Report"), recommending the denial of plaintiff Cindy G. Turnmire's ("Turnmire") appeal. On April 25, 2007, Turnmire filed objections to the Report. Having reviewed the Report, the court concludes that the findings and conclusions of the Magistrate Judge are correct, the Report is ADOPTED, and the appeal is DENIED.

**I. Background**

Turnmire filed for disability benefits with the Social Security Administration ("SSA") on November 1, 2002, alleging a disability onset date of February 26, 2001. The SSA denied the application on April 25, 2003, and also on reconsideration.

Turnmire then successfully requested a hearing before an Administrative Law Judge ("ALJ"), which was ultimately held on July 1, 2004.

Following the hearing, on November 16, 2004, the ALJ issued a partially favorable decision. It held that Turnmire was disabled under Title II of the Social Security Act from February 26, 2001 to May 22, 2003, but that she regained the ability to continue her past work as a receptionist on May 23, 2003. On January 14, 2005, Turnmire unsuccessfully appealed the ALJ's decision to the Appeals Council. Her administrative remedies thus exhausted, Turnmire filed a complaint in this court on November 16, 2004, alleging that the ALJ's decision was not supported by substantial evidence. The Report concurred with the ALJ's decision, and Turnmire now objects to its adoption. She makes three claims: (1) the decision of the ALJ was not supported by substantial evidence, (2) remand is appropriate in light of new and material evidence, and (3) remand is appropriate because the transcript of the administrative hearings is insufficient.

Turnmire earned her G.E.D. in 1998. She has held a variety of jobs, including receptionist, hair stylist, and baggage handler for Northwest Airlines. She also suffers from a variety of health problems, including chronic back pain, left hip pain, left leg pain, tennis elbow, obesity, depression, pharyngitis,

and acute bronchitis.  To treat her problems, she has tried nerve blocks, physical therapy, ultrasonic massage, heating pads, and a muscle stimulator.  Turnmire testified that none of the treatments helped and that her only sustained relief comes from her medication, which include Neurontin for restless leg syndrome, Oxycontin and Percocet for pain, Effexor for nerve spasms, Klonopin to aid in sleeping, Xenical for weight loss, Pherergan for nausea, and Prevacid for acid reflux.  The medications' side effects leave her nauseated, tired, and confused.

Turnmire testified that she spends most of any given day in bed because stimulation, walking, sitting, pushing, and pulling all seem to aggravate her pain.  A vocational expert testified that, based on a doctor's May 22, 2003 evaluation of Turnmire as limited to sedentary work which permitted changing positions every 30 minutes, Turnmire could feasibly return to her work as a receptionist.  Largely on the basis of that testimony, the ALJ ruled that as of May 23, 2003, Turnmire's condition did not preclude her from returning to her former job as a receptionist.  Thus, the ALJ declined to give full credence to Turnmire's subjective allegations.  The ALJ noted that, beginning in May 2003, doctors had stopped fully accepting Turnmire's allegations of symptoms and limitations.

## II. Standard of Review

The Report correctly states that judicial review of the Commissioner's decision extends only to whether substantial evidence supports the decision and whether the Commissioner used the proper legal criteria to arrive at the decision. 42 U.S.C. § 405(g); Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). "If the answer to that question is 'Yes' [the court] may not even inquire whether the record could support a decision the other way." Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). Substantial evidence is more than a scintilla and less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing district court may not consider new evidence previously unavailable below in determining whether substantial evidence supports the ALJ's decision. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); see also Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993). If the new evidence is of such significance that it "might have changed the outcome of that proceeding," the district court may remand to the ALJ for reconsideration in light of the new and material evidence. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990).

4

The claimant must prove remand is appropriate and, to do so, must establish that (1) new material evidence is available, and (2) good cause exists for failing to introduce that evidence before. 42 U.S.C. § 405(g); Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir. 1984).

A court may remand on the basis of insufficient transcript where omitted/inaudible portions would bolster the claimant's arguments or prevent judicial review. See, e.g., Williams v. Barnhart, 289 F.3d 556, 556 (8th Cir. 2002), Marshall v. Schweiker, 688 F.2d 55, 56 (8th Cir. 1982), Gossens v. Sec'y of Health & Human Serv., 1987 U.S. Dist. LEXIS 14308, at *8 (W.D. Mich. 1987).

### III. Discussion

#### A. Partial Denial of Disability Benefits

The standard of review permits this court to ask only whether substantial evidence supported the ALJ's conclusion that Turnmire was no longer disabled as of May 23, 2003. Richardson, 402 U.S. at 401. Whether the evidence reasonably might have led a different judge to conclude differently is irrelevant. Smith, 893 F.2d at 108.

Turnmire claims insufficient evidence supported the determination that her disability had ended. She urges that the ALJ was improperly motivated by testimony that she had declined treatment with a spinal cord stimulator and then remarked that

5

she would temporarily just deal with the pain because she was in the midst of litigation. Turnmire also contends the judge was influenced by an incorrect assumption that she had gone eighteen months without treatment.

Accepting Turnmire's argument would require this court to defer to her characterization of the ALJ's subjective understandings and motivations. That is not possible. This court may only ask whether there was evidence sufficient to support the ALJ's conclusion. On the basis of what was offered below, the answer is unquestionably yes.

Putting aside the evidence with which Turnmire takes issue, there remains the testimony of numerous doctors who suggest that she could return to sedentary employment as a receptionist. Dr. Harry Blumenfeld met with Turnmire in April of 2003, and found that she had no limitations of motion and was capable of standing and/or walking and sitting for six hours in an eight-hour day. After a visit with Turnmire on May 22, 2003, Dr. Rodney Orlinger noted that her basic limitation was the need to change sitting/standing positions every 30 minutes and an inability to lift over five pounds. On September 29, 2003, Dr. Manuel Carro found that Turnmire enjoyed a good range of motion and strength and could engage in sedentary work that required lifting no more than ten pounds. This court agrees with the Magistrate Judge that the conclusions of these three doctors

6

constitute substantial evidence sufficient to support the conclusion of the ALJ that as of May 23, 2003, Turnmire was capable of sedentary work subject to minor restrictions related to lifting and position changes.

### B. "New and Material" Evidence

Turnmire next claims that a December 15, 2004, letter from Dr. Michael Brewer stating that she is in considerable pain and unable to work constitutes "new and material" evidence that requires remand.  Turnmire points to the letter as conclusive proof that her disability continued past May 22, 2003, and avers that the ALJ would have ruled differently had he been privy to it.

As noted by the Magistrate Judge, there is no doubt that the letter constitutes "new" evidence.  It is, nonetheless, immaterial under the present circumstances because it does not address Turnmire's condition between the time her disability was deemed to have ended (May 22, 2003) and the date the ALJ reached that decision (November 16, 2004).  Although the letter and concomitant testimony might support a *new* disability claim, it sheds no light on Turnmire's condition between May 2003 and November 2004.  For present purposes the letter is not "material" and remand is denied.

### C. Failure to Produce a Sufficient Transcript

Turnmire's final plea for remand turns on certain inaudible portions of the ALJ hearing transcript.  Remand in such a case is appropriate only where the problem prevents judicial review or omits testimony that would otherwise bolster the claimant's arguments.  <u>Williams</u>, 289 F.3d 556.

The inaudible portion of the transcript to which Turnmire refers comes during the vocational expert's testimony.  Despite certain inaudible portions, the crux of the expert's testimony remains clear: if one accepted Turnmire's depiction of her condition and limitations, she would not be able to find employment; however, based on the doctors' reports about range of mobility, lifting limitations, and mandatory posture changes, Turnmire could return to her job as a receptionist.  The case was thus reduced to Turnmire's own evaluation of her condition versus that of her doctors.  The ALJ credited the doctors and ruled accordingly.

Because the point of the expert's testimony and the way it related to the opposing theories of the case were not lost despite discrete portions of inaudibility, remand for such a minor error would be inappropriate.

**IV. Conclusion**

For the foregoing reasons the March 15, 2007, Report and Recommendation of the Magistrate Judge is ADOPTED by this court and Turnmire's appeal is DENIED.

So ordered this 18th day of September, 2007.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE